**Altium Growth Fund, L.P. v Tingo Group, Inc.**

2024 NY Slip Op 32992(U)

August 23, 2024

Supreme Court, New York County

Docket Number: Index No. 651910/2023

Judge: Andrew Borrok

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 53

------------------------------------------------------------------------------X

ALTIUM GROWTH FUND, L.P., ALTO OPPORTUNITY MASTER FUND, SPC - SEGREGATED MASTER PORTFOLIO B, EMPERY ASSET MASTER LTD., EMPERY TAX EFFICIENT, L.P., EMPERY TAX EFFICIENT III, L.P.

                                  Plaintiff,

                     - v -

TINGO GROUP, INC. F/K/A MICT, INC.,

                                  Defendant.

------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 651910/2023 |
| **MOTION DATE** | 08/01/2024 |
| **MOTION SEQ. NO.** | 010 |

**DECISION + ORDER ON MOTION**

HON. ANDREW BORROK:

The following e-filed documents, listed by NYSCEF document number (Motion 010) 266, 267, 268, 269, 270, 271, 272, 273

were read on this motion to/for                      ENFORCEMENT                    .

Upon the foregoing documents and for the reasons set forth below, Altium Growth Fund, L.P.,

Empery Asset Master Ltd., Empery Tax Efficient, L.P., Empery Tax Efficient III, L.P.

(collectively, the **Judgment Creditors**)'s motion (Mot. Seq. No. 010) to compel Steptoe LLP

(**Steptoe**) to comply with the post-judgment subpoena duces tecum is GRANTED as unopposed.

**The Relevant Facts and Circumstances**

By way of background, the Judgment Creditors brought this lawsuit on April 18, 2023 against

Tingo Group, Inc. f/k/a MICT, Inc. (**Tingo**) and obtained an $18,235,347.22 judgment (the

**Judgment**; NYSCEF Doc. No. 234, at 4).  The Court retained jurisdiction over this action with

respect to the enforcement of the Judgment and any related claims that may be brought against

additional parties (NYSCEF Doc. No. 234, at 5).  To date, Tingo has not made any payments to

651910/2023   ALTIUM GROWTH FUND, L.P. ET AL vs. TINGO GROUP, INC. F/K/A MICT, INC.      Page 1 of 4
Motion No.  010

1 of 4

the Judgment Creditors, and the entire balance of the Judgment remains outstanding (NYSCEF Doc. No. 267 ¶ 18).

As relevant, in attempt to collect the outstanding balance, the Judgment Creditors have sought relevant factual information related to Tingo's assets from, among others, Steptoe (NYSCEF Doc. No. 267 ¶ 8), because Steptoe was retained as independent counsel to the Committee of Independent Directors of Tingo (the **Committee**) from July 9, 2023 to August 22, 2023 to investigate claims of widespread systematic fraud by Tingo and its CEO Dozy Mmobuosi, and to provide the Committee with an independent report (the **Steptoe Report**; NYSCEF Doc. No. 267 ¶¶ 24, 38, 43).  Steptoe was not retained to represent Tingo and did "no work for the Judgment Debtor" (NYSCEF Doc. No. 271 ¶¶ 4, 5, 6).  On April 19, 2023, Steptoe presented the Committee with the Steptoe Report (NYSCEF Doc. No. 267 ¶ 24).  The Committee shared the Steptoe Report with Tingo.  On or before August 21, 2023, Tingo responded to the Steptoe Report.  Subsequently, on August 22, 2023, Steptoe replied to Tingo's response (NYSCEF Doc. No. 267 ¶ 25).

On July 16, 2024, the Judgment Creditors served a subpoena duces tecum on Steptoe seeking disclosure of the Steptoe Report and any responses or rebuttals from Tingo to Steptoe or the Committee regarding the Steptoe Report (NYSCEF Doc. No. 268).  Steptoe objected to the production of these documents on the grounds that they are protected by the attorney-client privilege, work product doctrine, and the common interest privilege (NYSCEF Doc. No. 269). In response, the Judgment Creditor brought the instant motion (NYSCEF Doc. No. 266).  No opposition was filed to the instant motion.

**651910/2023   ALTIUM GROWTH FUND, L.P. ET AL vs. TINGO GROUP, INC. F/K/A MICT, INC.**          **Page 2 of 4**
**Motion No.  010**

2 of 4

## Discussion

When two or more parties are engaged in or reasonably anticipate litigation in which they share a common legal interest, the common interest exception shields otherwise privileged communications from waiver that would otherwise result from disclosure to a third party, namely the other party with it shares a common legal interest (*Ambac Assur. Corp. v Countrywide Home Loans, Inc.*, 27 NY3d 616, 628 [2016]; *see Lebedev v Blavatnik*, 2017 WL 11614287, at *9 (N.Y. Sup Ct, New York County 2017).  Statements made in the presence of those with conflicting interests, however, negate any reasonable expectation of confidentiality and result in waiver (*People v Osorio*, 75 NY2d 80, 84-85 [1989]).

In their moving papers, the Judgment Creditors argue that the requested documents were not privileged and that even if they were privileged, any privilege was waived when the Committee sent the documents to Tingo or when they were received from Tingo (NYSCEF Doc. No. 267 ¶¶ 38, 44).  To wit, the Judgment Creditors argue that because Steptoe did not represent Tingo, the documents are not protected by the attorney client privilege, work product doctrine and the common interest exception does not apply because where a special committee shares confidential information with the alleged wrongdoers that the committee was entrusted to investigate the common interest privilege does not apply (NYSCEF Doc. No. 267 ¶ 43; *see, e.g., United States v Hatfield*, 2010 WL 183522, at *3 [E.D.N.Y. Jan. 8, 2010] [explaining that an independent auditing committee investigating corporate executives for fraud did not share a common interest with the "very corporate executives they are supposedly investigating" because, while the committee's interests "allied with the truth," the executives' interests "aligned with whatever

**651910/2023   ALTIUM GROWTH FUND, L.P. ET AL vs. TINGO GROUP, INC. F/K/A MICT, INC.**          **Page 3 of 4**
**Motion No.  010**

[* 3]                                                        3 of 4

was best for [the executives]"]; *Ryan v Gifford*, 2007 WL 4259557, at *3 [Del Ch Ct Nov. 30, 2007] [finding that the relationship between corporate directors and the special committee that was "formed to investigate wrongdoing in response to litigation in which [said] directors were named as individual defendants. . . . describes a relationship more akin to one adversarial in nature"]). Thus, the Judgment Creditors assert that the motion must be granted (NYSCEF Doc. No. 267 ¶¶ 38, 44). As discussed above, no opposition has been filed.

Accordingly, the motion is granted as unopposed and it is hereby ORDERED that Steptoe shall produce the documents in accordance with this Decision and Order no later than August 28, 2024 at 5 pm.

20240823130330ABORROK11493AE0823E4BF5827F6E5E2CC15EB5

__8/23/2024__
DATE

ANDREW BORROK, J.S.C.

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**651910/2023  ALTIUM GROWTH FUND, L.P. ET AL vs. TINGO GROUP, INC. F/K/A MICT, INC.**          **Page 4 of 4**
**Motion No.  010**

4 of 4

[* 4]